McDonald, J.
I generally agree with the decision of the Court of Special Appeals and thus dissent from the decision in our Court. With respect to the Batson issue, the critical question is the merits of the Circuit Court’s determination that the reasons proffered by defense counsel for his peremptory strikes at Step Two of the Batson analysis were a pretext for unlawful discrimination on the basis of race or gender. As Judge Greene’s opinion notes at several junctures, because that determination depends largely on a trial court’s assessment of the credibility of counsel, appellate review is very deferential. For the reasons set forth in Chief Judge Barbera’s opinion, I cannot say that the trial judge’s determination in this case was clearly erroneous. At most, I would allow a limited remand, as suggested by one of the opinions in the Court of Special Appeals, to amplify the record for appellate review. I make two other observations.
First, this case highlights, like our other recent foray into the world of Batson challenges,[1] how ill-equipped an appellate court is to review a trial court’s resolution of such challenges. As in our prior case, we have no information concerning the overall demographic make-up of this jury venire or of the jury that sat at trial—information that is self-evident to a trial judge and counsel and that undoubtedly affects a trial judge’s evaluation of counsel’s credibility when a Batson challenge is raised. For that reason, as the Supreme Court observed in Batson itself,[2] trial courts are to be accorded “great deference” in their resolution of Batson challenges.
Second, the discussion in the trial court at Step Two of the Batson analysis illustrates how the use of preemptory strikes *596 is at odds with how one would expect a justice system to operate. As Judge Greene’s opinion relates, the trial judge insisted that defense counsel provide a “rational basis” for counsel’s strikes. One might forgive the trial judge for believing that a justice system that is generally based on the application of reasoning minds to actual evidence would require a “rational basis” for striking a prospective juror. However, under the current system, an attorney need only come up with an explanation that is neutral on its face as to race, gender, and ethnicity; it need not be persuasive or even plausible.[3] The trial court’s mistaken view of the Step Two standard ultimately did not matter, as it found at Step Three that the reasons given were a pretext for discrimination on the basis of race and gender.
In sum, the Batson analysis is not intuitive and appellate review is difficult and deferential. Whether it is effective in identifying strikes based on invidious discrimination is questionable. A better solution, in my view, would be to eliminate peremptory challenges altogether—a solution suggested by Justice Thurgood Marshall long ago and one that we can do by rule in Maryland, as I elaborated in our prior case.[4] The burden would be on counsel from the outset to explain a good reason for excluding a person from a jury.[5] If all strikes were for cause, a reason that is neither persuasive nor plausible would carry no weight at all and would not be able to camouflage a discriminatory strike.
Finally, I agree with Judge Watts that, although the evidence supporting the murder charge was not overwhelming, if *597 one views it in the light most favorable to the State, it was sufficient to send the murder count to the jury.

. Ray-Simmons v. State, 446 Md. 429, 132 A.3d 275 (2016).

. Batson v. Kentucky, 476 U.S. 79, 98 n. 21, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

. Purkett v. Elem, 514 U.S. 765, 767-68, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995); Edmonds v. State, 372 Md. 314, 330, 812 A.2d 1034 (2002).

. Ray-Simmons, 446 Md. at 454-56, 132 A.3d 275.

. It is notable that reversal of all of Mr, Spencer’s convictions is sought here, not for any deficiency in the evidence or conduct of the trial or for any showing that any juror was not fair and impartial, but because his counsel was unable to exclude from the jury farmers, mechanics, and older citizens who have not had any run-ins with the law.